## SHERMAN *vs.* WAY.

The plaintiff, being the owner of a quantity of saw-logs lying upon the land of the defendant, went to take them away, when he was forbidden to do so by the defendant, who threatened to sue him if he did, and who afterwards sold a part of them to another person. *Held* that this amounted to a conversion of the whole of them by the defendant.

APPEAL from a judgment of the county court of Madison county, reversing a judgment rendered in favor of the plaintiff, in a justice's court.

*A. N. Sheldon,* for the appellant.

*Holmes & Kennedy,* for the respondent.

FOSTER, J. The plaintiff sued the defendant before the justice, and complained in trover for a quantity of saw-logs, which he claimed the defendant had converted to his own use. The defendant denied the allegations of the complaint. On the trial before the justice, in March, 1866,

it appeared that one Marsden owned ten acres of land, on which he had cut a quantity of trees; that he sold the trees so cut to the plaintiff, who cut the most of them into saw-logs, and took from the premises all the logs so purchased by him, except about 6000 feet which he had cut into logs, and about 2000 feet which lay on the ground in the tree. Of the 8000 feet so remaining on the ground, about 3000 feet were piled on a log-way by the plaintiff, and the residue were lying on the ground where they were cut.

The bargain between the plaintiff and Marsden was made in the winter of 1863–4, and the plaintiff paid Marsden for the logs, at the time of the purchase. The plaintiff agreed to get the logs off when Marsden wanted to burn, to put in a crop, and Marsden, before he sold the place, told the plaintiff that he wanted to clear up there, and wanted him to get the logs off, but there was no agreement that if the plaintiff did not get the logs off, he should forfeit them.

After the sale of the timber to the plaintiff, and in the fall of 1864, while the 8000 feet remained on the premises, the defendant bought the land, having been informed that the logs and felled timber belonged to the plaintiff, and before he took possession, in that same fall, the plaintiff cut the 2000 feet which had remained in the tree into logs.

The defendant, when the plaintiff went to remove the logs forbade him doing so, and threatened to sue him if he did, and afterwards sold 3000 feet of them to one Burgess, who took and used them. At other times the defendant requested the plaintiff to take the logs away. There was no proof that the defendant actually appropriated any of the plaintiff's logs to his own use, except the 3000 feet sold to Burgess, but the residue, so far as the proof showed, were lying on the land of the defendant.

The justice gave judgment for the plaintiff, for the value of the whole 8000 feet. The county court reversed the judgment, but upon what grounds does not appear; and the question now is, was the plaintiff entititled to recover

Sherman *v.* Way.

anything, and if so, whether the whole amount, or only for the 3000 feet which were sold by the defendant.

There is nothing in the case showing that the plaintiff ever lost the title to the logs which he acquired by the purchase, and he was therefore at least entitled to recover for the 3000 feet, which were found to be worth about $800.

I also think he was entitled to recover for the whole of the logs. He went to take them away, and was forbidden to do so by the defendant, and afterwards the defendant sold part of them. I think after that, it was too late to claim that the had not converted the whole of them.

Within the principle decided in *Farrar* v. *Chauffetete*, (5 *Denio*, 527,) the refusal of the defendant to permit the plaintiff to take off the logs, and threatening to sue him if he did, constituted a conversion; especially when followed by a sale of part of them to Burgess. And although he afterwards proposed to and asked the plaintiff to take the residue away, he could not thereby change the legal rights of the plaintiff which had accrued.

The judgment of the county court should be reversed, and the judgment of the justice affirmed.

BACON and MULLIN, JJ., concurred.

MORGAN, J., dissented, but wrote no opinion.

Judgment accordingly.

[ONONDAGA GENERAL TERM, October 1, 1867. *Morgan, Bacon, Foster* and *Mullin,* Justices.]